**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>Marlene Abraham<br><br>Debtor(s) | Case No.: 16-35617<br>Chapter: 13<br>Hearing Date: 1/4/18<br><br>Judge Donald R. Cassling |

## NOTICE OF MOTION

TO:   Tom Vaughn, Chapter 13 Trustee, 55 E. Monroe Street, Suite 3850, Chicago, IL 60603 by electronic notice through ECF
Marlene Abraham, Debtor(s), 3816 W Howard St, Skokie, IL 60076
David H. Cutler, Attorney for Debtor(s), 4131 Main St., Skokie, IL 60076 by electronic notice through ECF

   PLEASE TAKE NOTICE that on the 1/4/18, at 9:30AM, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Donald R. Cassling, Bankruptcy Judge, in the courtroom usually occupied by him/her at the Everett McKinley Dirksen Building, 219 South Dearborn, Chicago, Illinois, room 619, or before any other Bankruptcy Judge who may be sitting in his/her place and stead, and shall then and there present this Motion of the undersigned, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith, at which time you may appear if you so desire.

## PROOF OF SERVICE

   The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed above, as to the Trustee and Debtor's attorney via electronic notice on December 18, 2017 and as to the debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527 before the hour of 5:00 PM on December 18, 2017.

                                                      /s/ Joel P. Fonferko
                                                       Attorney for Movant

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-16-14713)**

NOTE: This law firm is a debt collector.

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed below, as to the Trustee and Debtor's attorney via electronic notice on December 18, 2017 and as to the debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527 before the hour of 5:00 PM on December 18, 2017.

  Tom Vaughn, Chapter 13 Trustee, 55 E. Monroe Street, Suite 3850, Chicago, IL 60603 by electronic notice through ECF
  Marlene Abraham, Debtor(s), 3816 W Howard St, Skokie, IL 60076
  David H. Cutler, Attorney for Debtor(s), 4131 Main St., Skokie, IL 60076 by electronic notice through ECF

                                                /s/ Joel P. Fonferko
                                                Attorney for Movant

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-16-14713)**

NOTE: This law firm is a debt collector.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

Marlene Abraham

Debtor(s)

Case No.: 16-35617
Chapter: 13
Hearing Date: 1/4/18

Judge Donald R. Cassling

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE TO DISMISS THE CASE FOR FAILURE TO MAKE PLAN PAYMENTS

**NOW COMES** WELLS FARGO BANK, N.A., AS TRUSTEE for IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2, (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court pursuant to 11 U.S.C. §362(d) for an Order granting Movant relief from the automatic stay, or alternatively, for entry of an order dismissing the case pursuant to 11 U.S.C. §1307, and in support thereof states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, Eastern Division;

2. The Debtor is indebted to Movant for which the Movant claims a valid security interest in the property commonly known as 3816 W. Howard St, Skokie, Illinois 60076;

3. Enforcement of this security interest has been stayed automatically by operation of 11 U.S.C. §362 of the Bankruptcy Code upon Debtor filing of this petition on 11/8/16;

4. The Chapter 13 plan herein provides for the cure of the default of said mortgage and maintenance of current payments during the pendency of the proceeding;

5. Pursuant to the plan, Debtor(s) is/are to disburse the current monthly mortgage payments directly to Movant beginning with the first payment due after the filing of the Chapter 13 Bankruptcy (subject to periodic adjustment due to change in escrow);

      6.      Movant is entitled to relief from the automatic stay under 11 U.S.C. Section 362(d) for the following reasons:

      a)    As of 12/15/2017, the Debtor(s) is/are past due for the 1/1/17 payment, and all amounts coming due since that date. Any payments received after this date may not be reflected in this default;

      b)    As of 12/15/2017, the total post-petition default through and including 12/1/17, is $27,600.35, which includes a suspense credit of $1,332.75. Any payments received after this date may not be reflected in this default. This amount includes post-petition attorney fees in the amount of $400.00 for Plan Review and $100.00 for Post-Petition Fee Notice;

      c)    On 01/01/2018, the default will increase to $29,976.30 and will continue to increase as additional amounts become due;

      7.      Said failure to make post-petition mortgage payments is sufficient grounds for relief from the automatic stay for cause pursuant to 11 U.S.C. Section 362(d)(1);

      8.      That sufficient grounds exist to dismiss this proceeding under 11 U.S.C. §1307 as:

      a)    debtor's failure to timely pay post-petition mortgage payments as required under the plan and 11 U.S.C. §1322(b)(2) and (b)(5) constitutes an unreasonable delay that is prejudicial to moving creditor and the case should be dismissed under §1307(c)(1);

      b)    debtor's failure to timely pay post-petition mortgage payments as required under the plan and 11 U.S.C. §1322(b)(2) and (b)(5) constitutes "cause" and the case should be dismissed under the general provisions of 11 U.S.C. §1307;

      c)   the default in post-petition mortgage payments constitutes a material default under paragraph C of the Chapter 13 plan and case should be dismissed under §1307(c)(6);

9. This Court has authority to order that Rule 4001(a)(3) is not applicable to the order entered in granting this motion, and Movant requests this Court so order;

10. Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding:

    $850.00     for Preparation of Notice and Motion for Relief from the Automatic Stay, and prosecution of same
    $181.00     for Court filing fee

11. Ocwen Loan Servicing, LLC services the underlying mortgage loan and note for the property referenced in this Motion for Relief for WELLS FARGO BANK, N.A., AS TRUSTEE for IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2 (the noteholder) and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of WELLS FARGO BANK, N.A., AS TRUSTEE for IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2 (the noteholder). WELLS FARGO BANK, N.A., AS TRUSTEE for IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2 (the noteholder) has the right to foreclose because: Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and will enforce the promissory note as transferee in possession.

**WHEREFORE,** WELLS FARGO BANK, N.A., AS TRUSTEE for IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2 prays this Court enter an Order pursuant to 11 U.S.C. Section 362(d) modifying the automatic stay as to Movant, or alternatively, for an entry of an order dismissing the case pursuant to 11 U.S.C. §1307, allowing the fees and costs described herein to be added to the indebtedness pursuant to the terms of the note and mortgage, and for such other and further relief as this Court may deem just and proper.

Dated this December 18, 2017.

Respectfully Submitted,

Codilis & Associates, P.C.

By: /s/ Joel P. Fonferko

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-16-14713)**

NOTE: This law firm is a debt collector.